# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **AMANDA GRAY,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. CIV-20-559-G |
| | ) |
| **ANTHONY GRAY et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## ORDER

On February 11, 2020, Plaintiff Amanda Gray, appearing through counsel, filed this lawsuit against four Defendants in state court. *See* Doc. No. 1-2. Defendant The Progressive Corporation removed this action to federal court on June 15, 2020. *See* Notice of Removal (Doc. No. 1). Because Plaintiff has failed to comply with this Court's Order and with applicable rules, the Court now dismisses this action without prejudice.

*I.    Background*

The Notice of Removal includes a certification stating that service was made upon the attorney who represented Plaintiff in this matter in state court and that the Notice was filed in the state court. *See* Notice of Removal at 16. Plaintiff, however, failed to enter an appearance or otherwise move forward with prosecuting her claims following removal. In addition, there has been no proof of service or waiver of service filed for the remaining three defendants, either in state court or in this Court, and there is no indication that they are otherwise aware of this lawsuit.

Therefore, on August 27, 2020, the Court ordered that if Plaintiff wished to continue to pursue this action, she must respond in writing no later than September 10, 2020, and show cause for these deficiencies. The Order advised that if Plaintiff failed to do so, "this action is subject to being dismissed without prejudice." Order of Aug. 27, 2020 (Doc. No. 6) at 1. The Order was mailed to Plaintiff's state-court counsel at the address stated in the initial pleading.

II.     *Discussion*

As of this date, Plaintiff has not responded to the Court's Order or sought an extension of time to do so. Nor has Plaintiff entered an appearance or otherwise contacted this Court regarding this lawsuit.

Under Federal Rule of Civil Procedure 41(b), if a plaintiff "fails to prosecute or to comply with these rules or a court order," the Court may dismiss the action. *See* Fed. R. Civ. P. 41(b). The Tenth Circuit "ha[s] consistently interpreted Rule 41(b) to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute." *Huggins v. Supreme Court of U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (internal quotation marks omitted); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (internal quotation marks omitted)). If the dismissal is without prejudice, the Court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236; *see also Robledo-Valdez v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014).

Plaintiff's failure to prosecute this action and to comply with the Court's Order leaves the Court unable "to achieve an orderly and expeditious" resolution of this action. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution on its own initiative).

Accordingly, this action is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED 17th day of September, 2020.

_____
CHARLES B. GOODWIN
United States District Judge